IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBBIE J. SIMPSON, | ) |
| Plaintiff, | ) |
| vs | ) Civil Action No. 07-442 |
| TWIN RIVERS TOWING COMPANY and CONSOLIDATION COAL COMPANY, as owners or owners pro hac vice, or Charterer of the Motor Vessel John L Rozance, | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# MEMORANDUM ORDER OF COURT

A non-jury trial was commenced on March 14, 2008, continued on April 15, 2008, and concluded on April 23, 2008.[1] At the conclusion of the trial, I permitted the parties to filed objections to the depositions submitted during trial. Both sides filed Objections (Docket Nos. 65 and 66). Responses to the Objections were due on May 27, 2008. (Docket No. 64). Defendants responded to Plaintiff's Objections. (Docket No. 67). Plaintiff, however, never responded to Defendants' Objections. The issues are ripe for review.

### A. **Defendants' Objections (Docket No. 65)**

Defendants' Objections relate to the videotaped deposition of Plaintiff's liability expert, David E. Cole. (Docket No. 65). Therein, Defendants renew their arguments regarding Mr. Cole's testimony previously made in their Motion *in Limine* (Docket No. 30) and Motion for Summary Judgment (Docket No. 48), maintaining that none of the testimony of Mr. Cole should be considered by the Court. Said renewed Motion, without more, is denied.

---

[1] The record was reopened on September 9, 2008. (Docket No. 85). Additional testimony was taken on September 29, 2008.

Defendants further argue that in the event this Court considered the testimony of Mr. Cole, they specifically object to the following testimony:

1. Where Mr. Cole offers testimony on the purpose of a claim under the Jones Act, since it calls for a legal conclusion. (Docket No. 65, p. 2). I agree with Defendants and said testimony (Cole deposition page 13, line 21 through page 14, line 18) is hereby stricken from evidence.

2. Where Mr. Cole offers testimony on the definition of seaman since it calls for legal conclusion. (Docket No. 65, pp. 2-3). I agree with Defendant and said testimony (Cole deposition page 21, line 20 through page 22, line 17) is hereby stricken from evidence.

3. Where Mr. Cole offers testimony as to whether the vessel owner breached its duties to Plaintiff based on lack of foundation and consists entirely of speculation. (Docket No. 65, p. 3). This argument was considered in rendering my orders denying Defendants' Motion *in Limine* (Docket No. 53) and Defendants' Motion for Summary Judgment (Docket No. 54). Defendants have offered no new reason. Therefore, Defendants' objections to page 28 line 9 through page 30 line 21 and page 31 line 17 through page 32 line 19 is overruled.

4. When Mr. Cole offers testimony concerning whether Defendants' expert typically testifies for defendants in general as irrelevant, lacking in foundation, and improperly calls for opinion testimony on the experience of another expert. (Docket No. 65, p. 3). I agree with Defendants and said testimony (Cole deposition page 37 line 17 through page 38 line 9) is hereby stricken from evidence.

5. When Mr. Cole offers testimony regarding the "opinions of his counterpart in this matter, the defendants' liability expert, Douglas Halsey" because it is improper to ask Mr. Cole to comment on the credibility of another expert witness. (Docket No. 65, p. 3). After a review of the testimony, I do not find that Mr. Cole is commenting on the credibility of Mr. Halsey. Consequently, Defendants' objection to page 38 line 10 through page 39 line 18 is overruled.

6. When Mr. Cole offers testimony concerning "proper maneuvering during a locking procedure" based on lack of foundation and consisting entirely of speculation. (Docket No. 63, pp. 3-4). I disagree with Defendants. I find that Mr. Cole had sufficient foundation to testify to the general docking procedure. Therefore, Defendants' objections to page 42 line 7 through page 43 line 16 is overruled.

### B. Plaintiff's Objections (Docket No. 66)

Plaintiff has filed objections to the depositions of three witnesses: Robert Smith, M.D., Linda Burstynowicz, M.D., and William Abraham, M.D. As a preliminary matter, I note Plaintiff's counsel merely states the objection (relevance, leading, assumes facts not in evidence, form, speculation, asked and answered, argumentative, foundation, hearsay). I note that this case was tried to the bench and not a jury. As a result, all objections based on "leading," "form," "asked and answered," and "argumentative" are denied. Furthermore, I find all objections based on "relevance" are overruled. I will now turn to the remaining specific objections.

1. Dr. Smith (treated Plaintiff at Brownsville Hospital on June 1, 2005 and July 21, 2005)

The question giving rise to the objection on lines 1-2 of page 13 was rephrased and the new question did not draw the same objection. Therefore, said objection is overruled as moot. The questions giving rise to the objection on lines 5-6 of page 18 and lines 22-24 of page 22 do not assume facts not in evidence and are not speculation. Therefore, said objections are overruled. Similarly, the question giving rise to the objection on lines 4-5 of page 23 is not speculation and said objection is overruled.

2. Dr. Burstynowicz (Plaintiff's family physician)

The foundation objections occurring on page 23-25, 27, 42, and 43 are overruled. The hearsay objections occurring on pages 27 and 29 are overruled.

3. <u>Dr. Abraham (orthopedic surgeon who conducted an independent record review of treatment rendered to Plaintiff)</u>

The foundation objections occurring on pages 17, 30, 36, 36, and 37 are overruled. The speculation objections occurring on pages 34, 36, and 37 are also overruled.

THEREFORE, this 17th day of October, 2008, it is ordered as follows:

1. Defendants' Objections (Docket No. 65) are granted in part and overruled in part as set forth above and the following deposition testimony of Mr. Cole is hereby stricken:

    a. Page 13, line 21 through page 14, line 18;
    b. Page 21, line 20 through page 22, line 17; and
    c. Page 37 line 17 through page 38 line 9.

2. Plaintiff's Objections (Docket No. 66) are overruled.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge